

# NUMBER 13-25-00482-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MEAGAN KATE GRATZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice West[1]**

Relator Meagan Kate Gratz, proceeding pro se, has filed an amended petition for writ of mandamus through which she asserts that the trial court abused its discretion by: (1) restricting her possession of minor children following in chambers interviews with the children; (2) denying her motion to enforce possession and revoke the real party in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

interest's "license" despite repeated violations; and (3) postponing a hearing on her motion for a protective order while granting a motion for protective order filed by the real party in interest "creating unequal treatment and exposure to abusive discovery." Relator further asserts that the trial court's refusal to enforce possession of the minor children has prejudiced her "by holding the children responsible" and might also prejudice the future trial of this matter.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). The relator must provide a sufficient record to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Monson Law Firm, LLC*, 714 S.W.3d 256, 264 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding); *In re J.A.L.*, 645 S.W.3d 922, 924 (Tex. App.—El Paso 2022, orig. proceeding); *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—

2

Amarillo 2022, orig. proceeding); *see generally* TEX. R. APP. P. 52 (governing original proceedings), R. 52.7 (delineating the contents of the record), R. 52.3(k) (describing the necessary contents for the appendix).

The Court, having examined and fully considered the amended petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain relief.[2] Relator's petition for writ of mandamus does not "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record," relator failed to file an appendix, and relator's record fails to support her contention that the trial court abused its discretion. *See id.* R. 52.3(h), (k), 52.7. Accordingly, we deny relator's amended petition for writ of mandamus without prejudice.

JON WEST
Justice

Delivered and filed on the
14th day of October, 2025.

---

[2] Relator filed a "Statement of Inability to Afford Payment of Court Costs" in this original proceeding. *See* TEX. R. CIV. P. 154. Thereafter, real party in interest William Christopher Davis filed a motion to require relator to pay her court costs on grounds that relator's statement was legally insufficient and she was "voluntarily unemployed." *See id.* The Court, in its sole discretion and for the purposes of this specific original proceeding only, allows the relator to proceed in this case without the payment of costs. Accordingly, we deny Davis's motion.